IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD R. WEBB,

      Plaintiff,                              No. CIV S-11-3464 GGH P

    vs.

CALIFORNIA DEPT. OF
CORRECTIONS, et al.
      Defendants.                    ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). In the past six months, plaintiff's average monthly balance, and average monthly deposits, have been less than $1.00. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the

1

Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (*quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

SUMMARY OF COMPLAINT

Plaintiff alleges that he was injured when he fell down a flight of stairs at Stanislaus County Jail in October 2010 and that he was under a doctor's care for his injuries when he was transferred to Duell Vocational Institute ("D.V.I.") on May 4, 2011. See Doc. No. 1, Complaint, at 4.[1] Plaintiff alleges that he signed a medical release in order to continue receiving medical care at D.V.I.; however, defendant Dr. Wong denied plaintiff appropriate medical treatment because Dr. Wong: (1) failed to request or review plaintiff's prior medical records, and (2) denied plaintiff an M.R.I. Plaintiff alleges that he sought the MRI "because Doctor Wong said I could not prove I had these injures [sic]." Id. Plaintiff further alleges that, after he filed inmate appeals and complaint letters with the Inspector General, the California Medical Board, and the Chief Medical Officer at the prison, Dr. Wong retaliated against him by "making retaliatory egregious decisions as to my treatment," fabricating statements in plaintiff's medical file, and referring plaintiff to a psychiatrist. Id. at 3, 4.

Plaintiff additionally alleges that he has a learning disability, and has been granted an A.D.A. assistant; however, both he and his assistant have been "stonewalled" and "frustrated at every turn" by the inmate appeals process. Id. at 4, 5.

\\\\\

\\\\\

\\\\\

---

[1] Page numbers given are those assigned by the court's Electronic Case Filing ("ECF") system.

3

Plaintiff names as defendants Dr. Wong, D.V.I. Correctional Institution, and the State of California Department of Corrections.[2] Plaintiff seeks damages only, and does not request any injunctive relief. See Doc. No. 1 at 3, "Relief."

EXHAUSTION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates seeking money damages must exhaust administrative remedies even where the available grievance procedure does not permit awards of money damages. Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001).

However, the PLRA's exhaustion requirement may be excused where the procedure is effectively unavailable to the prisoner. See Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (clerical error in warden's decision resulted in delay of administrative appeal), citing Turner v. Broadside, 541 F.3d 1077, 1085 (11th Cir. 2008) (holding that prison official's serious threats of substantial retaliation against inmate for lodging or pursuing in good faith a grievance may make the administrative remedy "unavailable"). See also Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (in determining whether prisoner failed to exhaust, court should inquire, among other things, into "whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more defendants from raising the plaintiff's failure to exhaust as a defense.")

Generally, the plaintiff's failure to exhaust his administrative remedies is an affirmative defense to be raised by defendants, see Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct.

---

[2] In his caption at page 1 of the complaint, plaintiff identifies as defendants California Department of Corrections, D.V.I. Correctional Institute, and Dr. Wong. At page 4, plaintiff names only Doctor Wong and the State of California Department of Corrections.

4

910, 921 (2007), and the defendants bear the burden of raising and proving the absence of exhaustion. See Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). In this case, though, the Complaint reads that there is a grievance procedure at plaintiff's institution, that he has filed a grievance, but that the grievance process is not completed. See Doc. No. 1 at 2, "Exhaustion of Administrative remedies." Also in his Complaint, plaintiff generally claims that he is being stonewalled and smothered in paperwork, and that attempts by his A.D.A. assistant to obtain information have been ignored, returned, or refused. Id. at 4. He has additionally alleged that defendant Dr. Wong retaliated against him for filing grievances. Id. at 3, 4.

Accordingly, the Complaint on its face indicates that plaintiff may not have satisfied the requirements of 42 U.S.C. § 1997e(a) and that plaintiff may be seeking to excuse his compliance. See Wyatt v. Terhune, 315 F.3d at 1120 (prisoner's concession to non-exhaustion is a valid ground for dismissal so long as no exception to exhaustion applies). While this does not change the defendants' burdens, the court notes that, because the court is dismissing this complaint with leave to amend, the plaintiff has an opportunity in the amended complaint, if he so chooses, to articulate whether he has exhausted his claims, and if not, why he has not.

EIGHTH AMENDMENT

Plaintiff alleges that he was denied an M.R.I. "due to budget restraints." See Doc. No. 1 at 3. He claims that defendant Wong refused to order the M.R.I. because the state could not afford to provide one to plaintiff. Id. at 4. While plaintiff alleges that he was suffering in great pain when he requested the M.R.I., see id., he does not describe any pain or other ill effects that he suffered as a result of its denial. Plaintiff does not affirmatively link any other defendant with the denial.

Plaintiff additionally alleges that defendant Wong failed to request or review his prior medical records. See Doc. No. 1 at 3, 4.

Plaintiff has stated a cognizable Eighth Amendment claim against defendant Wong with respect to defendant Wong's medical treatment of plaintiff. It is unclear whether

plaintiff is attempting to allege any other claims against any other defendants in connection with the denial of his M.R.I. <u>Cf.</u> <u>Jones v. Johnson</u>, 781 F.2d 769, 771 (9th Cir. 1986) ("Budgetary constraints....do not justify cruel and unusual punishment.")  To the extent plaintiff wishes to raise any other such claims, he must specifically articulate the responsible party, and how the denial resulted in a deprivation of his rights.

RETALIATION

Plaintiff alleges that defendant Wong "began making egregious decisions as a retaliatory act" once defendant Wong became aware that plaintiff used the inmate grievance system to complain about defendant Wong's care. <u>See</u> Doc. No. 1 at 3.  Plaintiff additionally alleges that defendant Wong inserted false statements into plaintiff's medical file, and referred plaintiff to a psychiatrist. <u>Id.</u> at 3, 4.

In order to establish a viable claim of First Amendment retaliation, a plaintiff must make: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's allegations are conclusory and vague, leaving this court with no way to determine what egregious decisions defendant Wong made and what false statements defendant Wong inserted into plaintiff's file.  Absent such information, the court cannot determine, among other things, whether defendant Wong's actions were adverse to plaintiff, or whether defendant Wong's actions reasonably advanced a legitimate correctional goal. <u>See</u>, <u>e.g.</u>, <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 n.4 (9th Cir. 1985) (bare allegations of arbitrary retaliation insufficient to avoid dismissal).

CONCLUSION

Accordingly, the court will dismiss this complaint with leave to amend, with respect to: (1) the Eighth Amendment claims, against all defendants except Wong; and (2) the

6

retaliation claims, against all defendants.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court does not find the required exceptional circumstances in the current complaint.  While plaintiff may be experiencing difficulties because of his learning disability, the sparse record before the court indicates that plaintiff is already receiving A.D.A. assistance with his administrative appeals and

this litigation, and has presented the court with at least one coherent, cognizable issue. In addition, the issues presented by the complaint, as it is currently framed, do not appear novel or complex. Plaintiff's request for the appointment of counsel will therefore be denied. In light of the plaintiff's claimed disability, however, the denial will be without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for appointment of counsel (Doc. No. 3) is denied without prejudice.

4. The complaint is dismissed with leave to amend within twenty-eight days from the date of service of this order, with respect to: (1) the Eighth Amendment claims, against all defendants except Wong; and (2) the retaliation claims, against all defendants. Failure to file an amended complaint will result in this action proceeding solely against defendant Wong on the Eighth Amendment claims.

DATED: April 11, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
webb3464.B