IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD R. WEBB,

      Plaintiff,                   No. 2:11-cv-3464 AC P

  vs.

CALIFORNIA DEPT. of            ORDER and
CORRECTIONS, et al.,
      Defendant.             FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff, a former state prisoner[1], proceeds pro se and in forma pauperis on his complaint for relief filed pursuant to 42 U.S.C. § 1983. The action proceeds on plaintiff's Eighth Amendment claims against defendant Dr. Wong only, as outlined in this court's Order filed April 12, 2012. ECF No. 6.

       Defendant has moved to dismiss the complaint, for failure to exhaust and for failure to state a claim upon which relief can be granted. Plaintiff has not filed an opposition or any other response to the motion. For the reasons given below, the undersigned recommends

---

[1] At the time plaintiff filed this action, he was incarcerated at Deuel Vocational Institute (DVI). By letter dated November 9, 2012, plaintiff advised the court that he would be released from prison on November 15, 2012. ECF No. 15.

1

that defendant's motion to dismiss the complaint for failure to exhaust be granted, and that this action be dismissed without prejudice.

**BACKGROUND**

Plaintiff alleges that he was injured when he fell down a flight of stairs at Stanislaus County Jail in October 2010 and that he was under a doctor's care for his injuries when he was transferred to Duell Vocational Institute ("DVI") on May 4, 2011. See ECF No. 1, Complaint, at 4.[2] Plaintiff alleges that he signed a medical release in order to continue receiving medical care at DVI, but that defendant Dr. Wong denied him appropriate medical treatment. Specifically, plaintiff alleges Dr. Wong: (1) failed to request or review plaintiff's prior medical records, and (2) denied plaintiff an MRI. Plaintiff alleges that he sought the MRI "because Doctor Wong said I could not prove I had these injures [sic]." Id. Plaintiff further alleges that, after he filed inmate appeals and complaint letters with the Inspector General, the California Medical Board, and the Chief Medical Officer at the prison, Dr. Wong retaliated against him by "making retaliatory egregious decisions as to my treatment," fabricating statements in plaintiff's medical file, and referring plaintiff to a psychiatrist. Id. at 3, 4.

Plaintiff additionally alleges that he has a learning disability, and has been granted an ADA[3] assistant; however, both he and his assistant have been "stonewalled" and "frustrated at every turn" by the inmate appeals process. Id. at 4, 5.

On April 12, 2012, the court granted plaintiff's motion to proceed in forma pauperis, and dismissed plaintiff's complaint with leave to amend. ECF No. 6. The court found that the complaint stated a colorable Eighth Amendment claim against Dr. Wong only. Id. In granting leave to amend, the court specifically advised plaintiff that, should he fail to file an amended complaint, the action would proceed solely against Dr. Wong on the Eighth

---

[2] Page numbers given are those assigned by the court's Electronic Case Filing ("ECF") system.

[3] Americans With Disabilities Act.

2

Amendment claims. Id. at 8.

The court additionally noted that, on the face of the Complaint, it appeared that plaintiff had not exhausted his administrative remedies:

> In this case, though, the Complaint reads that there is a grievance procedure at plaintiff's institution, that he has file a grievance, but that the grievance procedure is not completed. See Doc. No. 1 at 2, "Exhaustion of Administrative remedies." Also in his Complaint, plaintiff generally claims that he is being stonewalled and smothered in paperwork, and that attempts by his A.D.A. assistant to obtain information have been ignored, returned, or refused. Id. at 4. He has additionally alleged that defendant Dr. Wong retaliated against him for filing grievances.
>
> Accordingly, the Complaint on its face indicates that plaintiff may not have satisfied the requirements of 42 U.S.C. § 1997e(a) and that plaintiff may be trying to excuse his compliance. See Wyatt v. Terhune, 315 F.3d at 1120 (prisoner's concession to non-exhaustion is a valid ground for dismissal so long as no exception to exhaustion applies). . . . [B]ecause the court is dismissing this complaint with leave to amend, the plaintiff has an opportunity in the amended complaint, if he so chooses, to articulate whether he has exhausted his claims, and if not, why not.

Order, ECF No. 6 at 5.

On June 14, 2012, after plaintiff failed to file an amended complaint, the court ordered service on defendant Wong, and dismissed all remaining defendants. ECF Nos. 9, 10. On November 6, 2011, defendant filed the instant motion to dismiss. ECF No. 14. On November 15, 2012, plaintiff filed a "Motion to Stay and Notice," advising the court that he had been released from prison, and seeking a four month stay of proceedings in order to allow him, among other things, to hire an attorney. ECF No. 15. By order filed November 26, 2012, the court construed plaintiff's motion as one seeking an extension of time to respond to the motion to dismiss, and granted plaintiff an additional 60 days in which to file his response. ECF No. 17. To date, plaintiff has filed no opposition or other response to the motion to dismiss.

**DEFENDANT'S MOTION TO DISMISS**

Defendant Wong moves to dismiss the complaint, arguing that (1) plaintiff has failed to exhaust his administrative remedies, as he is required to do under 42 U.S.C. § 1997e(a),

and (2) plaintiff fails to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

*Exhaustion*

Relevant Authority

Congress "placed a series of controls on prisoner suits, constraints designed to prevent sportive filings in federal court." Skinner v. Switzer, __ U.S. __, 131 S.Ct. 1289, 1299 (2011). One of these constraints is the mandatory exhaustion of the correctional facilities' administrative remedies. See 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Exhaustion serves two purposes. Woodford v. Ngo, 548 U.S. 81, 89 (2006). First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures. Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. Id.

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Although "the PLRA's exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute. See Albino v. Baca, 697 F.3d 1023, 1030-31 (9th Cir. 2012). As explicitly stated in the statute, "[t]he PLRA requires that an inmate exhaust only those administrative remedies 'as are available.'" Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)); see also Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that

rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available."). "We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591 F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance.").

Exhaustion, under the PLRA, is an affirmative defense. Jones, 549 U.S. at 216. Accordingly, "[t]he burden of establishing nonexhaustion therefore falls on defendants." Wyatt, 315 F.3d 1108, 1112 (9th Cir. 2003); accord Brown, 422 F.3d at 936 ("[D]efendants have the burden of raising and proving the absence of exhaustion.") (quoting Wyatt, 315 F.3d at 1119) (internal quotation marks omitted). Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable. See Albino, 697 F.3d at 1030-31; Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 5 (9th Cir. 1996).

A defendant's burden of establishing an inmate's failure to exhaust is very low. See Albino, 697 F.3d at 1031. A defendant need only show the existence of remedies that the plaintiff did not use. Id. Relevant evidence may include statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

The relevant regulations in effect in 2010 and 2011 required that an inmate present his or her allegations initially at a first and second level of internal prison administrative review. Cal. Code Regs. tit. 15, § 3084.7(a)-(b). If dissatisfied, the inmate was generally required to pursue a third level of appeal. Id. at § 3084.7(c). A decision of the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") satisfied the requirement for third level review and generally exhausts administrative remedies. Id.

However, an appeal could be screened out and rejected or cancelled at any level if it failed to comply with Title 15's requirements. See Cal. Code Regs. tit. 15, §§ 3084.6(b)-(c).

5

1  For example, CDCR's regulations require the inmate to describe the specific issue under appeal,
2  submit one issue per appeal, list all staff members involved, and state all the facts available to
3  the inmate when the appeal was submitted.  See Cal. Code Regs. tit. 15, §§ 3084.2(a)(1)-(4).
4  Also, the inmate had to file the appeal timely, within either 15 or 30 days after the alleged
5  incident.  See Cal. Code Regs. tit. 15, §§ 3084.6(c), 3084.8(b)(1) (30 day time limit effective Jan.
6  28, 2011).

7  A plaintiff seeking to demonstrate the unavailability of administrative remedies
8  may do so in several ways.  Affirmative actions by jail or prison staff preventing proper
9  exhaustion, even if done innocently, can make administrative remedies effectively unavailable.
10 Id. at 1034.  For example, improper screening of an inmate's administrative grievances renders
11 administrative remedies effectively unavailable such that exhaustion is not required under the
12 PLRA.  Sapp, 623 F.3d at 823.  To fall within this exception, a prisoner must show that he
13 attempted to exhaust his administrative remedies but was thwarted by improper screening.  Id.
14 See also Nunez, 591 F.3d 1217 (inmate's untimely exhaustion excused where inmate took
15 "reasonable and appropriate steps to exhaust . . . and was precluded from exhausting . . . by the
16 Warden's mistake").

17 In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the
18 court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at
19 1119-20.  No presumption of truthfulness attaches to a plaintiff's assertions associated with the
20 exhaustion requirement.  See Ritza v. Int'l Longshoremen's and Warehousemen's Union, 837
21 F.2d 365, 369 (9th Cir. 1988).   If the district court concludes that the prisoner has not exhausted
22 nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.  Id.

23  Defendant's Evidence

24 Defendant submits two declarations in support of his motion, both accompanied
25 by exhibits that document the inmate appeals they describe.  The first declarant is L. Zamora,
26 Chief of the Inmate Correspondence and Appeals Branch (ICAB).  Decl. Of L. Zamora, ECF No.

6

14-2 ("Zamora Decl."), ¶ 1. The ICAB receives and maintains all health care appeals for third level review, which the third and final level of review, in the inmate health care appeals process, and renders decisions on such appeals. Id. at ¶ 3. The second declarant is C. Baca, a Healthcare Appeals Coordinator at Deuel Vocational Institution (DVI). Decl. Of C. Baca, ECF No. 14-3 ("Baca Decl."), ¶ 1. Declarant Baca's duties include maintaining records of all logged healthcare appeals, and maintaining a database of all medical appeals that have been screened out for failure to comply with proper procedures. Id. at 2.

According to declarants, plaintiff has submitted a total of eight grievances regarding Dr. Wong's deficient medical treatment or denial of an MRI at DVI: one at the Third Level, and seven at the First Level. Zamora Decl., ¶ 5; Baca Decl., ¶ 3. Specifically:

(1) On June 15, 2011, plaintiff filed a Third Level Appeal ("Appeal One") complaining that he had not received any pain management or medical appliances, and requested a wheelchair and accommodation under the Americans with Disabilities Act. The appeal was screened out on June 15, 2011 because it had not yet been submitted at the First or Second Level (Zamora Decl. ¶ 7);

(2) On June 23, 2011, plaintiff filed a First Level Appeal ("Appeal Two") requesting a Hepatitis C and diabetes evaluation, a high protein diet, and fat burning medication. The appeal was partially granted on July 15, 2011, and plaintiff did not appeal this decision to the Second Level (Baca Decl., ¶ 5);

(3) On July 11, 2011, plaintiff filed a First Level Appeal ("Appeal Three") complaining that Dr. Wong had not reviewed plaintiff's medical records, had denied plaintiff an MRI for budgetary reasons, and had failed to treat plaintiff's injury or his Hepatitis C. This complaint was screened out on July 13, 2011 because it

1  involved multiple issues and was submitted on an improper form.
2  Plaintiff was advised to use the correct forms, and to split his three
3  issues onto three separate appeals (Baca Decl., ¶ 6)
4  (4) On July 28, 2011[4], plaintiff filed a First Level Appeal ("Appeal
5  Four") claiming that Dr. Wong had discontinued plaintiff's pain
6  medication and had sent him to physical therapy. The appeal was
7  partially granted on September 9, 2011, and plaintiff did not take
8  any appeal of the decision to the Second Level (Baca Decl., ¶ 7);
9  (5) On August 5, 2011, plaintiff filed a First Level Appeal
10 ("Appeal Five") complaining, among other things, that Dr. Wong
11 had discontinued plaintiff's pain medication and had refused his
12 MRI for budget reasons. The appeal was screened out on August
13 15, 2011 because it was submitted on improper forms, and because
14 plaintiff had exceeded the limit for non-emergency appeals within
15 a 14-day period. The rejection includes instructions for re-
16 submission of the form, and the procedure by which plaintiff may
17 challenge the ruling (Baca Decl., ¶ 8);
18 (6) On August 8, 2011, plaintiff filed a First Level Appeal
19 ("Appeal Six") complaining that Dr. Wong had not reviewed
20 plaintiff's prior medical records, and requested a wheelchair and
21 accommodation under the ADA. The appeal was screened out on
22 September 9, 2011, because it concerned an anticipatory action,
23 and because it was untimely. The rejection included instructions

---

[4] The Baca Declaration gives the date of this appeal as June 28, 2011; however, the copy of the appeal attached to the declaration is stamped received on July 28, 2011. ECF No. 14-3 at 24, 26. The difference is not material to the exhaustion analysis.

by which plaintiff may dispute the ruling (Baca Decl., ¶ 9);

(7) On August 23, 2011, plaintiff filed a First Level Appeal ("Appeal Seven"), prepared by an ADA clerk on plaintiff's behalf, which was cancelled because it duplicated Appeal Four. The rejection included instructions for appealing the decision (Baca Decl., ¶ 10); and

(8) On August 23, 2011, plaintiff filed a First Level Appeal ("Appeal Eight") which was identical to Appeal Seven, except that, in Appeal Eight, plaintiff sought emergency review. The appeal was cancelled because it too was identical to Appeal Four. The rejection included instructions for appealing the decision (Baca Decl., ¶ 11).

Defendant argues that plaintiff has failed to exhaust his administrative remedies, because he either failed to follow prison regulations, or failed to appeal a denial to the Second and Third Level. Memorandum of Points and Authorities, ECF No. 14-1, at 3. In addition, defendant notes that plaintiff had access to an ADA clerk who assisted plaintiff in preparing appeals, and that staff established effective communication with plaintiff, and provided clear instructions about how to appeal and/or correct a deficiency. Id. at 6. Defendant further notes that plaintiff did not amend his complaint or otherwise provide any explanation on how plaintiff was prevented from exhausting his administrative remedies. Id.

Plaintiff's Evidence

Plaintiff has not filed any opposition or other response to the motion.

In his Complaint, plaintiff alleged

> I then began to utilize the inmate appeal process and sent letters to the inspector generals' office, the California Medical Board, and the Chief Medical officer here at DVI asking for help because I was suffering in such great pain. Because of my life-long leaning disability for which I am declared A.D.A. by the C.D.C.R. I was

9

> unable to understand the inmate appeals process to any affect.
>
> I now realize I am being "stonewalled" deliberately and smothered in paperwork I don't understand. I then requested of the C.D.C.R. an assistant under the Armstrong Act to help me with this process and my request was granted but every attempt made by my A.D.A. assistant to obtain information through the "Health Care inmate Appeals Process" was ignored, returned, or refused by the Health Care appeals Coordinator. . . .

Complaint, ECF No. 1 at 4-5.

The final paragraph of plaintiff's statement reads:

> My name is Eric Taylor C-69872 and I am the inmate A.D.A. clerk here at Deuel Vocational Institution. I have been doing what I can for MR. Webb since he has come to my attention. (Inmate Webb has a learning disability) I have in fact been very frustrated at every turn when it comes to the appeals process concerning Mr. Webb and in fact worry about going any further, although retaliation is not allowed it does happen quit [sic] often.

Id. at 5.

Analysis

In this case, defendant has met his burden to show that plaintiff failed to exhaust his available administrative remedies. The affidavits of C. Baca and L. Zamora establish that (1) plaintiff filed seven First Level Appeals regarding the subject of the complaint, none of which he pursued past the First Level, and (2) plaintiff's sole Third Level Appeal was rejected because plaintiff had not first sought review at the First and Second Levels. See Zamora Decl.; Baca Decl.

Plaintiff does not dispute that he did not file any appeals of the First Level review rejections or denials, or that his sole Third Level Review was properly rejected. He does, however, appear to seek to excuse his non-compliance by alleging generally that he was stonewalled, that he has a learning disability, and that he may be subject to retaliation for using the administrative appeals process.

Plaintiff's allegations are both factually unsupported and inadequate to demonstrate the unavailability of administrative remedies. His vague and conclusory

allegations that he was stonewalled, that his requests were "ignored, returned, or refused," or that use of the process may subject him to retaliation, do not provide the court with the requisite factual basis on which to determine whether administrative remedies were unavailable. Cf. Sapp, 623 F.3d at 823 (improper screening renders remedies effectively unavailable).

The PLRA requires "[p]roper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules." Woodford, 548 U.S. at 90-91. "[F]iling an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. Id. at 84. In this instance, the record reflects that plaintiff has failed to meet these requirements. Accordingly, the undersigned recommends that the complaint be dismissed without prejudice.

Because the undersigned finds that plaintiff failed to exhaust his administrative remedies, the undersigned makes no findings on defendant's alternate ground for dismissal under Rule 12(b)(6).

**No Evidentiary Hearing is Necessary**

In this case, the undersigned makes no assessment of plaintiff's credibility, or of that of his witnesses, and so will not conduct an evidentiary hearing. Cf. Hubbard v. Houghland, 471 Fed. Appx. 625 (9th Cir. Mar.7, 2012). Instead, the undersigned recommends dismissal based on the undisputed facts before the court, including that plaintiff failed to prosecute his administrative remedies through all available levels. Moreover, as noted above, plaintiff's vague and conclusory allegations, taken as true, are insufficient to meet his burden that administrative remedies were not available to him.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk assign a district judge to this action.

IT IS HEREBY RECOMMENDED that

1. Defendant's motion to dismiss, filed November 6, 2012 (Doc. No. 14), be granted; and

1    2. This action be dismissed with prejudice for failure to exhaust.

2    These findings and recommendations are submitted to the United States District 3 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty- 4 eight (28) days after being served with these findings and recommendations, any party may file 5 written objections with the court and serve a copy on all parties.  Such a document should be 6 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the 7 objections shall be served and filed within twenty-eight (28) days after service of the objections. 8 The parties are advised that failure to file objections within the specified time may waive the 9 right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   DATED: May 17, 2013.

                                  _____
                                  ALLISON CLAIRE
                                  UNITED STATES MAGISTRATE JUDGE

AC:rb
webb3464.fr